# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VIRGILIO FERNANDO ACEVEDO RIVERA; JUAN M. RUIZ RIVERA <br> **PLAINTIFFS** <br><br> V. <br><br> GILDREN S CARO PÉREZ, REGISTRAR OF THE PROPERTY REGISTRY OF AGUADILLA in her official and individual capacity; LUIS LEÓN FREIRE, REGISTRAR OF THE PROPERTY REGISTRY OF CAROLINA III in his official and individual capacity; JANET DE JESÚS ROJAS, SUPERVISOR OF THE PROPERTY REGISTRY OF CAROLINA III in her official and individual capacity. <br> **DEFENDANTS** | CIVIL NO. <br><br><br><br> DECLARATORY AND INJUNCTIVE RELIEF; AND DAMAGES AND REQUEST FOR A JURY TRIAL |

## COMPLAINT

TO THE HONORABLE COURT:

Now Come, Virgilio Fernando Acevedo a/k/a Virgilio F. Acevedo Rivera a/k/a Virgilio Acevedo Rivera a/k/a Virgilio F. Acevedo, Juan M. Ruiz Rivera a/k/a Juan Miguel Ruiz Rivera a/k/a Juan Ruiz Rivera a/k/a Juan M. Ruiz, by and through Counsel, state and pray as follows:

## PRELIMINARY STATEMENT

This action seeks money damages as the result of the Commonwealth of Puerto Rico (Registrar of the Property Registry of Aguadilla and Carolina III and the Supervisor of the Property Registry of Carolina III)'s actions and participation in a scheme for the wrongful deprivation of Plaintiffs' property rights. Plaintiffs allege that all of the Defendants acted under color of state law and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. This is also an action brought under 42 U.S.C. § 1983 to hold the Commonwealth of Puerto Rico's Registrar of the Property Registry of Aguadilla and

1

Carolina III and the Supervisor of the Property Registry of Carolina III accountable for their unreasonable, unlawful and malicious violations of the Plaintiffs civil rights.

Since the 1950's to on or about March 7, 2016, according to the Property Registry books in Aguadilla, Puerto Rico, the conjugal partnership composed by Plaintiffs' parents (Virgilio Acevedo Noriega and Edna Rivera Solá) was the registered owners of a concrete building where a Gas Station erected on Property #1207 Rincon. The Plaintiffs are the heirs of the conjugal partnership.

The Defendants acting under the authority and/or color of state law erased from the digital files and had issue an official document (Faults Notifications) ruling that Plaintiffs hereditary rights could not be claimed. Defendants unlawfully and maliciously for more than a decade have been interfering with Plaintiffs hereditary property rights on the Gas Station.

## II) STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this Complaint pursuant 42 U.S.C. §§ 1981, 1982, and 1983 alleging violation of the Fifth and Fourteenth Amendment of the Constitution of the United State of America because this civil action arises under the Constitution and laws of the Unites States to secure equitable, legal, declaratory and injunctive relief, including reasonable and necessary attorneys' fees under 42 U.S.C §1988, to redress the deprivation, under color of state law, of rights secured under the Constitution of the United States and Acts of Congress for the protection of civil rights.

2. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1367.

3. Venue is proper before this Honorable Court pursuant to 28 U.S.C. §1391(b) because it is where the Property is located and where all the Defendants are located.

### III)   PARTIES

4. Plaintiff Virgilio Fernando Acevedo a/k/a Virgilio F. Acevedo Rivera a/k/a Virgilio Acevedo Rivera a/k/a Virgilio F. Acevedo (hereinafter "Acevedo-Rivera') resides in 4800 Holdrege Street, #509, Lincoln, Nebraska 68504-3192. Thus, he is a resident of the State of Nebraska and a "person" deprived of rights secured by the Constitution and laws of the Unites States, within the meaning of 42 U.S.C §1983.

5. Plaintiff Juan M. Ruiz Rivera a/k/a Juan Miguel Ruiz Rivera a/k/a Juan Ruiz Rivera a/k/a Juan M. Ruiz (hereinafter "Ruiz-Rivera") resides at 2929 Bridle Creek Drive, Conyers, Georgia, 30094. Thus, he is a resident of the State of Georgia and a "person" deprived of rights secured by the Constitution and laws of the Unites States, within the meaning of 42 U.S.C §1983.

6. Defendant Gildren S. Caro Pérez, Registrar of the Property Registry of Aguadilla (hereinafter "Ms. Caro"), has a physical and mailing address#87 Ave. Hiram D. Cabassa, Suite 103 and 104, Mayaguez, PR 00680; P.O Box 9020192, San Juan, PR 00902-0192. Thus, her residency is in the Commonwealth of Puerto Rico who at all relevant to this complaint was a "person" acting in his official capacity under color of state law, and deprived Plaintiffs of rights secured by the Constitution and laws of the United States, within the meaning of 42 U.S.C §1983.

7. Defendant Luis León Freire, Registrar of the Property Registry of Carolina III (hereinafter "Mr. León), has a physical and mailing address at#501 Ave. Roberto H. Todd, San Juan, PR 00907; PO BOX 9020192, San Juan, PR 00902-0192 . Thus, his residency is in the Commonwealth of Puerto Rico who at all relevant to this complaint was a "person" acting in his

official capacity under color of state law, and deprived Plaintiffs of rights secured by the Constitution and laws of the United States, within the meaning of 42 U.S.C §1983.

8. Defendant Janet De Jesús Rojas, Supervisor of the Property Registry of Carolina (hereinafter Ms. De Jesús) has a physical and mailing address at #501 Ave. Roberto H. Todd, San Juan, PR 00907; PO BOX 9020192, San Juan, PR 00902-0192 . Thus, her residency is in the Commonwealth of Puerto Rico who at all relevant to this complaint was a "person" acting in his official capacity under color of state law, and deprived Plaintiffs of rights secured by the Constitution and laws of the United States, within the meaning of 42 U.S.C §1983.

9. Defendant Domingo Emanuelli Hernández, Attorney General of the Commonwealth of Puerto Rico, with a physical address at Calle Teniente César González 677 Esq. Ave. Jesús T. Piñero Sam Juan, PR 00927, and mailing address at Apartado 9020192, San Juan, PR, 00902-0192. The Attorney General of the Commonwealth of Puerto Rico is included in this Complaint because the Registrar of the Property Registry of Aguadilla and Carolina III, and the Supervisor of the Property Registry of Carolina III are co-defendants in this Complaint. Thus, his residency is the Commonwealth of Puerto Rico who at all relevant to this complaint was a "person" acting in his official capacity under color of state law, and deprived Plaintiffs of rights secured by the Constitution and laws of the United States, within the meaning of 42 U.S.C §1983.

### IV)   FACTS

10. On or about August 15, 1946, Virgilio Acevedo Ramos (hereinafter "Acevedo Rivera's Father"), unmarried at the time, purchased Lot 577 (inscribed in Book 97, Page 14 of Rincón, Puerto Rico) with a lot size comprised of 16,429.05 square meters and located at State Road 2, today State Road 115, Km. 11.5, Rincón, Puerto Rico.

4

11. During the 1950s, Acevedo Rivera's Father got married to Edna Rivera a/k/a Edna Rivera Solá (hereinafter "Plaintiffs' Mother"). Acevedo Rivera was the only surviving child born to this marriage and the only offspring of Acevedo Rivera's Father.

12. Acevedo Rivera's parents got married under the laws of the Commonwealth of Puerto Rico and always resided under such jurisdiction without pre or post-nuptial agreements.

13. During the marriage of Acevedo Rivera's parents (hereinafter referred to as the "Conjugal Partnership"), and with jointly held funds/assets, erected and built a structure and/or building on the above mentioned property Lot #577 to be used as a Gas Station for the sale of gasoline, related products, car accessories, liquor and tobacco products, and a food cafeteria.

14. On or about September 10, 1956, Acevedo Rivera's parents segregated Lot #577, where the Gas Station was erected and built. This real estate transaction (segregation) was executed by Deed #186 in the presence of Attorney-Notary Francisco A. Quirós Meléndez; and was inscribed in Book 90, Page 16 of Rincón, As a result of the segregation, a newly segregated parcel of land became known as Lot #627 having a lot size of 532.58 square meters.

15. On or about December 3, 1958, Acevedo Rivera's parents dissolved their marriage through divorce proceedings. However, the conjugal community property was never divided or liquidated, despite the judgment of divorce. That is, there was never an adjudication or liquidation of the Gas Station during any legal proceedings. Ever since the death of all of Plaintiffs' parents until the present time, the Gas Station has remained as an undivided and/or unliquidated asset of the Acevedo-Rivera Conjugal Partnership.

16. On or about September 2, 1968, Acevedo Rivera's father, grouped Lot #627 with Lot #1206; and then sold them as one parcel (Deed #110). This transaction included the Gas Station –the structure on Lot #627. Deed #110 was then recorded in the Aguadilla Registry of Deeds.

5

However, at that time, the Registrar refused and denied the inscription of the 'sale of the Gas Station.' The Registrar only accepted and honored the transaction of the sale of the Lot (land) – not of the structure (the Gas Station), **because Plaintiffs' mother did not signed nor authorize the sale of the Gas Station.**

17. The Lot number assigned to the grouped lots (#627 and #1206) with the Gas Station is Property #1207, inscribed at Page 2 of Book 34 of Rincón. To this date, the recorded legal right is in favor of Plaintiffs as heirs of the conjugal partnership. Such right has not been cancelled, sold, modified, or transferred to any other entity.

18. The legal description of Property # 1207 reads as follow:

> Rustic: Located at Pueblo Ward of Rincón, with an area of 1,208.58 square meters; bounded by the NORTH, in 29.86 meters with Policarpio Caro, formerly Virgilio Acevedo Ramos; by the SOUTH, 29.86 meters with Virglio Acevedo Ramos; EAST, in 40.86 meters with Añasco State Road (ancient State Road No.2); and by the WEST, in 40.86 meters with Virgilio Acevedo Ramos.
>
> Contains a concrete building dedicated as a Gas Station.

19. Acevedo Rivera's father died intestate on November 3, 1972 -leaving Acevedo Rivera as his only heir. On December 12, 1989, by judicial resolution in case #TS 89-2778 in the Aguadilla State Court, Acevedo Rivera was declared the legal and sole heir of his father's inheritance by him accepting his father's inheritance.

20. Plaintiffs' mother died intestate on July 5, 1989 --leaving Plaintiffs as her only heirs. The Plaintiffs were declared the legal heirs of their mother's inheritance by judicial resolution on December 12, 1989 in case # TS 89-2778 also in Aguadilla by them accepting their mother's inheritance.

21. On March 29, 2013 Acevedo Rivera filed an adversary proceeding (adversary proceeding #13-01094), in a Chapter 13 bankruptcy petition (12-12393) filed in the United States

6

Bankruptcy Court, for the District of Massachusetts Eastern Division, demanding that the Defendants/Occupants in that case vacate the Gas Station.

22. On January 29, 2016, Acevedo Rivera filed another adversary proceeding in the same Bankruptcy Court, for the District of Massachusetts (16-01011). However, this time the Bankruptcy Court abstained from the matter.

23. On March 7, 2016, the Property Registry of Puerto Rico changed from a manual system to a digital one known as Karibe. Ms. Caro, with full knowledge that the gas station was registered in favor of conjugal partnership, illegally and maliciously failed to transfer/document the property rights of the plaintiffs into the new digital Karibe system. Thus, and for the first time in more than 50 years, the hereditary rights of the Plaintiffs were erased/deleted/vanished from the Property Registry records now in digital form.

24. On March 18, 2016, Plaintiffs filed, at the Property Registry of Aguadilla, two (2) Instances with the corresponding complementary documents (Entries #2016-016834-AG01 and #2016-016863-AG01) in order to inscribe their hereditary rights over the Gas Station. Even though the Plaintiffs complied with all the requirements of the pertinent laws, to this date, the Registrar has refused to inscribe the Plaintiffs' hereditary rights over the Gas Station.

25. On June 1, 2016, Ms. Caro, issued a fault notification applying it retroactively. Ms. Caro requested to file an ASUME Debt Certification certifying that the deceased, Acevedo Rivera's father, had no debt to proceed with the final review of the document, even though, ASUME was created after the deceased died. Regardless, Plaintiffs complied with Ms. Caro request in order to safeguard their hereditary rights.

7

26. On August 1, 2016, Ms. Caro issued again another fault notification challenging Plaintiffs probate action[1], applying again the law retroactively. Plaintiffs, on August 22, 2016, filed for reconsideration in order to gain time to amend the probate action filings, even though what was requested violated Plaintiffs' constitutional rights. The state court denied Plaintiffs' request to amend the probate matter, but after appeal, the appellate court revoked the state court determination and declared that the presiding judge abused his discretion.

27. After filing the amended probate action, Ms. Caro still did not act on the inscription of the probate. Therefore, Plaintiffs were forced to file a complaint on March 26, 2019 in the District Court of Puerto Rico, Case 3:19-cv-012173, requesting the court to recognize Plaintiffs' hereditary rights over the Gas Station. However, the case was dismissed without prejudice because the court decided not to review state law. See Attached Exhibit A. This action does not ask this Court to review state law.

28. On April 17, 2019, PUMA Energy LLC, filed at the Property Registry of Aguadilla (Entry #2019-039399-AG01) Deed No. 4 of Assignment, a Lease Modification and Right of First Refusal, executed before Public Notary Alejandro J. García Acabá, for the amount of $1,415,850.00. This deed states that the First inscription of Property 1207, the Gas Station, belonged to the conjugal partnership.

29. On October 26, 2023, the reviews of Plaintiffs' hereditary rights were sent to the Registrar of Carolina III (Mr. León).

30. On October 8, 2023, the reviews of Plaintiffs' hereditary rights were sent to the Supervisor of the Property Registry of Carolina III (Ms. De Jesús), who then sent the documents back to Ms. Caro.

---

[1] Declaratoria de Herederos.

31. On October 9, 2024 at 9:36am, Ms. Caro received the documents, and on this same day at 1:55pm. Ms Caro sent back the documents to Mr. León

32. On October 10, 2023 at 6:55am, Mr. León sent a Fault's Notification alleging that the Gas Station is not inscribed in **Property #1207 of Aguada, Puerto Rico[2].** Thus, the hereditary right of the Plaintiffs could not be inscribed on such Property**. Such document was no sent to Plaintiffs' attorney/notary on record (Attorney Carlos Segarra Matos)**.

33. The Fault Notification mentioned in the above previous Paragraph (#32) stated that Plaintiffs had until December 9, 2024 to correct the alleged *Fault*.

34. Ms. Caro even after been sued three times, and even though having a clear conflict has been directly involved in the malicious and illegal review and adjudication of the probate's documents.

## V)    REQUEST FOR RELIEF

### COUNT NO. 1: VIOLATION OF FEDERAL DUE PROCESS OF LAW

35. Plaintiffs hereby incorporate the allegations set forth above, all of which are fully re-alleged here.

36. The Plaintiffs complied with all legal requirements to register their inheritance rights, but the Defendants have illegally and maliciously applied the laws and regulations retroactively and made false statements to circumvent the validity of the documents even though the Plaintiffs delivered and filed everything requested.

37. The First Fault Notification (2016) mentioned above indicated that if the ASUME certification was delivered in 2016, this would have been the final review. Plaintiffs complied with Ms. Caro's illegal requirements, yet she failed register the documents.

---

[2] The Property belongs to the Town of Rincon.

38. The Second Fault Notification notice mentioned above challenged the declaration by illegally applying the law retroactively. The Plaintiffs complied with Ms. Caro's illegal requirements, yet she failed to register the documents.

39. The Third Fault Notification mentioned above which was prepared by Ms. De Jesus and signed by Mr. León was not served on the Plaintiffs' attorney/notary or the Plaintiffs. Such document stated that the inheritance rights could not be registered because the gas station was not registered in Property #1207 in Aguada (a blatant false factual statement), when in fact it had always been claimed to be part of the town of Rincon..

40. As stated above, even another entity, PUMA Energy LLC, acknowledged in Deed #4 executed on April 17, 2019 before notary Alejandro J. García Acabá that the Gas Station was registered in favor of the conjugal partnership, yet the documents were never registered.

41. All Defendants are state actors and officials in charge by law to review and property register hereditary rights.  But in violation of their constitutional due process of law, they have refused to fulfill their ministerial duty regarding the Plaintiffs' hereditary rights over the Gas Station. First, Ms. Caro, Registrar of Aguadilla, then now Mr. León (Registrar of Carolina III) and Ms. Rojas (Supervisor of Carolina III) under color of law, unlawfully and maliciously attempted to deprive the Plaintiffs of their property rights over the Gas Station and such actions are unconstitutional in nature.

42. The Defendants, the Property Registry and its officials, have proven incapable of complying with the law, and have denied the Plaintiffs for more than a decade of the enjoyment of their hereditary property rights, so the only remedy the Plaintiffs have is to assert their rights by filing of this Complaint.

43. Plaintiffs should not be deprived of their Property (the gas station) without due process of law pursuant to the Fifth and Fourteenth amendment of the United States Constitution, nor should their civil rights should be violated per 42 U.S.C. § 1983. Plaintiffs have the right to inherit their parent's estate (the gas station) per 42 U.S.C. § 1982.

## COUNT NO. 2: DECLARATORY RELIEF

44. Plaintiffs hereby incorporate the allegations set forth above, all of which are fully re-alleged here.

45. At this moment according to the manual records of Property Registry, the title holders of the gas station are the conjugal partnership. Plaintiffs are entitled to claim their hereditary rights over the gas station as heirs of the conjugal partnership as established by judicial probates.

46. Defendants do not have the legal right to deprived Plaintiffs. The only legal duty that they had was to review the documentation and to ensure all the requirements are met in order to inscribe their hereditary rights. Also, Defendants do not have the right to questions past inscriptions of Property #1207 of Rincón, the finality of the Property Registry is to publicize, not to take away or give away property rights.

47. As stated above, Plaintiffs complied with all requirements to inscribe their hereditary rights. The first Fault Notification stated that the filing of the ASUME Debt was the final review of the documents, and the third Fault Notification was supported by false statements.

48. Plaintiffs believe that the only remedy available to secure their hereditary rights is for this Honorable Court to declare that first inscription of Property #1207 of Rincón still valid.

**COUNT NO. 3: INJUNCTIVE RELIEF**

49. Plaintiffs hereby incorporate the allegations set forth above, all of which are fully re-alleged here.

50. Plaintiffs belief that a stay order of any Property Registry proceedings should be issued in order to give this Honorable Court time to review Plaintiffs' claim. It is imperative that the duty review and access hereditary documents must be taken away from Defendants in order to secure Plaintiffs' constitutional and property rights.

**COUNT NO. 4: DENIAL OF EQUAL PROTECTION OF THE LAWS**

51. Plaintiffs hereby incorporate the allegations set forth above, all of which are fully re-alleged here.

52. The failure to register the Gas Station in favor of the Plaintiffs, contrary to current laws, constituted malicious, unreasonably selective and arbitrary actions in disparate treatment of similarly situated hereditary rights and is an illegal discrimination against the Plaintiffs.

53. The actions of the Defendants deprived Plaintiffs of the equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution which provides that no State "shall…deny to any person with its jurisdiction the equal protection of the laws."

54. Section 1 of the Civil Rights Act provides that "every person who, under color of any statute…of any state…subjects, or causes to be subjected any…person…to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law (or) suit in equity…" (42 U.S.C. §1983).

## VI) PRAYER OF RELIEF

WHEREFORE, Plaintiffs also specifically request that this Court:

a) Issues a Declaratory Judgment declaring that:

   i. Defendants while under the authority and/or color of state law have been depriving unlawfully and maliciously the inscription of Plaintiffs' hereditary rights over the Gas Station;

   ii. The Gas Station is a registered property asset belonging to Plaintiffs as heirs of the Conjugal Partnership, as stated in the 1st inscription of Property #1207 of Rincón

   iii. Plaintiffs have fulfilled all requirements in order to inscribe their hereditary rights over the Gas Station.

b) Orders the Registrar to inscribe their hereditary rights over the Gas Station.

c) Orders Defendants to pay damages for their unlawful and malicious acts to deprive Plaintiffs of their hereditary property constitutional rights over the Gas Station.

d) Issues a stay order of Property Registry proceedings regarding the review and determination of Plaintiffs hereditary documents, until this Honorable Court adjudicates this complaint.

e) Declares that the Plaintiffs are the owners of the Gas Station as rightful heirs.

f) Grantis a permanent injunction restraining the Defendants, in their official capacity, and any of their successors, from using state laws and regulations in contravention of Plaintiffs federally constitutionally protected Plaintiffs' hereditary rights over the Gas Station.

g) Awards damages in the amount of $3,000,000.00.

h) Awards attorney's fees to Plaintiffs as determined by this Court.

i) Plaintiffs also seek a jury trial on all trial issues triable by jury.

RESPECTFULLY SUBMITTED on this 8th day of December 2024.

_____
VIRGILIO FERNANDO ACEVEDO RIVERA
JUAN MIGUEL RUIZ RIVERA, Through Counsel
s/ Carmenelisa Perez-Kudzma, Esq.
Perez-Kudzma Law Office, P.C
Arecibo #349, Urb. La Cumbre, San Juan, PR 00926
35 Main Street, Suite 1, Wayland, MA 01778
USDC No: 305612
T: (978) 505-3333
F: (781)-314-8174
carmenelisa@pklaw.law

**EXHIBIT A**

Case 3:24-cv-01564-ADC   Document 1   Filed 12/08/24   Page 15 of 16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VIRGILIO ACEVEDO-RIVERA, *et al.*,

Plaintiffs,

v.

DOMINGO ACEVEDO-BAYRON, *et al.*,

Defendants.

CIVIL NO. 19-1273 (JAG)

## JUDGMENT

Pursuant to this Court's Memorandum and Order issued today, Docket No. 88, Judgment is hereby entered (i) DISMISSING WITHOUT PREJUDICE all claims brought under 28 U.S.C. §§ 1331, 1332, and 1346; and further (ii) ABSTAINING from this case pursuant to 28 U.S.C. § 1334(c). The case is now closed for statistical purposes.

IT IS SO ORDERED.

In San Juan, Puerto Rico this Thursday, February 6, 2020.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
U.S. DISTRICT JUDGE