**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **VIRGILIO FERNANDO ACEVEDO RIVERA, ET AL,**<br><br>    **Plaintiffs,**<br><br>        **v.**<br><br>**GILDREN S. CARO PÉREZ, ET AL,**<br><br>    **Defendants.** | **Civil No. 24-1564 (ADC)** |

## OPINION AND ORDER

Pending before the Court is Gildren S. Caro Pérez, in her personal and official capacity ("defendant") motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). **ECF No. 22**.

For the reasons below, the motion to dismiss is **GRANTED**.

## I.    Background

Virgilio Fernando Acevedo-Rivera and Juan M. Ruíz-Rivera ("plaintiffs") filed the instant action against Gildren S. Caro-Pérez ("defendant"), in her personal capacity[1] and as Puerto Rico Property Registrar, Domingo Emanuelli-Hernández, as Attorney General of the Commonwealth of Puerto Rico, Luis León-Freire, as Registrar of the Property Registry, Janet De Jesús-Rojas, as Supervisor of the Property Registry ("defendants").[2] Plaintiffs assert claims of violations of their

---

[1] There no allegations concerning defendant's conduct outside her official actions or omissions as a Property Registrar. *See* **ECF No. 17**.

[2] Plaintiffs have not move for entry of default against these co-defendants. Instead, plaintiffs requested the issuance of new summons directed at them. *See* **ECF No. 29.** However, for the same reasons, the claims against the remaining defendants would seem to also fail to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

Fourth, Fifth, and Fourteenth Amendment rights, seeking declaratory and injunctive relief and monetary and punitive damages under 42 U.S.C. §§ 1981, 1982, and 1983. **ECF No. 1**.

On January 28, 2025, defendant filed a motion to dismiss. **ECF No. 12**. Plaintiffs filed a response addressing defendant's arguments. **ECF No. 13**. On June 4, 2025, the Court *sua sponte* granted plaintiffs leave to amend the complaint **ECF No. 15**. Plaintiffs filed an amended complaint ("complaint") on June 18, 2025, essentially rehashing their claims. **ECF Nos. 16, 17**.

The complaint alleges that the father of plaintiff Acevedo-Rivera purchased land in Rincón, Puerto Rico in 1946. **ECF No. 17**, ¶¶ 6-10. During the 1950s, he and his wife, Edna Rivera-Solá, built a structure on the land to operate as a gas station under a community property regime. *Id.*, at ¶ 11. Although the couple divorced in 1958, the gas station remained an undivided asset of their partnership. A critical complication arose in 1968 when the father attempted to group several properties (including the gas station) and sell the new property Lot 1207 ("Property 1206"). *Id.*, at ¶¶12-16. "At that time" the Property Registrar refused to record (plaintiffs used the term "inscription") the sale of the gas station because Acevedo Rivera's mother had not signed the sale documents. According to the complaint, Property 1207 is recorded in Plaintiff's name. *Id.*, ¶15-17. Acevedo-Rivera's father died in 1972 and in 1989 plaintiff Acevedo-Rivera was declared his only heir, *Id.*, ¶21. Rivera-Solá died in 1989. Both plaintiffs are her heirs. *Id.*, ¶22.

According to the complaint, in 2013, Acevedo-Rivera filed an adversary proceeding in the United States Bankruptcy Court for the District of Massachusetts, Eastern Division,

"demanding that the Defendants/Occupants in that case vacate the Gas Station." *Id.*, ¶ 23.

Plaintiff filed a second adversary proceeding in 2016. However, according to plaintiffs, that

court "abstained from the matter." *Id.*, ¶ 24. Roughly two months after, on March 7, 2016, the

Puerto Rico Property Registry transitioned to the "Karibe" digital system. Plaintiffs claim that

defendant failed to digitalize records of these transactions, leaving plaintiffs' "hereditary rights"

unrecorded. *Id.*, ¶ 25.

On March 18, 2016, plaintiffs filed a petition at the Property Registry to record their

"hereditary rights" over the gas station. The Registrar notified plaintiff that the petition did not

comply with the applicable legal requirements and requested additional documents. According

to plaintiffs, the Registrar acted based non-applicable statutory provisions. *Id.*, ¶¶ 26-27. On

August 1, 2016, defendant again notified plaintiffs that their petition could not be recorded due

to "probate" issues. Plaintiffs moved for reconsideration and moved to correct the probate

issues. Specifically, plaintiffs filed a case in state court to correct the probate record and

eventually "filed the amended probate" state court rulings. *Id.*, ¶¶ 27-31. The Registrar again

notified plaintiffs that their petition did not comply with the applicable law. According to

plaintiffs, one of the grounds for the rejection was defendant's "wrongful[] and malicious"

finding that the gas station was sold to a third party in 1968. *Id.* Plaintiffs then filed a civil

complaint, which a sister court dismissed on February 6, 2020. Civil No. 19-12173 (JAG), ECF

No. 88.

In October 2023, plaintiffs sent "reviews of the Plaintiffs' hereditary rights," to different Property Registrars. *Id.*, at 38-39. On October 10, 2023, the second Property Registrar notified plaintiffs that their petition could not be recorded because the gas station was not registered under Property 1207 and granted plaintiff until December 9, 2024 to make any corrections and move for reconsideration. "Plaintiffs were thus forced to file the instant complaint… as a result of the malicious and illegal review and adjudication of property registry and probate's documents by the Commonwealth of Puerto Rico's actors… under color of law." *Id.*, ¶¶ 33-40. After serving summons, the Property Registry issued yet another notice to plaintiffs denying their petition for recordation due to probate laws. *Id.*, ¶ 41.

On July 30, 2025, defendants filed a motion to dismiss. **ECF No. 22**. First, defendants argue that plaintiffs have failed to state a claim under the Fifth Amendment of the United States Constitution because the defendants are not officers of the United States of America. Second, plaintiffs' claims for monetary damages against Property Registrar officials in their official capacity are barred under the Eleventh Amendment to the United States Constitution. Third, plaintiffs fail to properly state claims for due process and equal protection under the Fourteenth Amendment. Fourth, plaintiffs' claims against Property Registrar in their personal capacity for monetary damages are time-barred. Fifth, Property Registrars are entitled to immunity against actions taken in their official adjudicatory or other official duties.

On September 1, 2025, plaintiffs filed a response. **ECF No. 29**.

## II.    Legal standard

When ruling on a motion to dismiss brought pursuant to Fed. R. Civ. P 12(b)(6), courts must "accept the truth of all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor." *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012)). "While detailed factual allegations are not necessary to survive a motion to dismiss for failure to state a claim, a complaint nonetheless must contain more than a rote recital of the elements of a cause of action… [and they] must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013) (cleaned up) (citing, inter alia, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In order to perform this plausibility inquiry, the Court must "separate factual allegations from conclusory ones and then evaluate whether the factual allegations support a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *Conformis, Inc. v. Aetna, Inc.*, 58 F.4th 517, 528 (1st Cir. 2023) (citing *Iqbal*, 556 U.S. at 678, and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "If the factual allegations in a complaint, stripped of conclusory legal allegations, raise no 'more than a sheer possibility that a defendant has acted unlawfully,' the complaint should be dismissed." *Frith v. Whole Foods Mkt., Inc.*, 38 F.4th 263, 270 (1st Cir. 2022) (quoting *Rodríguez-Reyes*, 711 F.3d at 53, and *Iqbal*, 556 U.S. at 678). In sum, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

## III.     Discussion

### A.     Procedural Default and Dismissal of all Claims

After securing several extensions of time, plaintiffs filed a response to the motion to dismiss. **ECF No. 30.** Notably, the motion to dismiss is practically the same as the motion to dismiss that was filed back on January 28, 2025. *See* **ECF No. 12**. Indeed, the January 28, 2025 motion to dismiss sought Fed. R. Civ. P. 12(b)(6) dismissal on the same exact grounds as defendant's renewed motion to dismiss does. In the original motion to dismiss, defendant argued that:

> 1. Plaintiffs fail to state a claim under the Fifth Amendment of the United States Constitution, since none of the Defendants in the case is an officer of the United States of America, an indispensable element for a Fifth Amendment claim. 2. Plaintiffs' claims for monetary damages against Caro in her official capacity are barred under the Eleventh Amendment to the United States Constitution. 3. Plaintiffs fail to state a claim under Section 1982. 4. Plaintiffs fail to state a claim under the Fourteenth Amendment. 5. Plaintiffs' claims against Caro for monetary damages are time-barred. 6. Plaintiffs have no standing to invoke any hereditary rights over a lot sold by their parents in 1968, as per their own pleadings. 7. Defendant Caro is entitled to Qualified Immunity

**ECF No. 12** at 5. Plaintiffs opposed and addressed the merits of all most of the arguments raised in the original motion to dismiss. *See* **ECF No. 13**. However, given the fact that plaintiffs suggested that they would move to amend the complaint, the Court granted leave to amend the complaint before it ruled on the merits of the motion to dismiss. Thus, the original motion to dismiss and plaintiffs' response thereto became moot. *See* **ECF Nos. 14-15**. After the amended complaint was logged by plaintiffs, defendant again moved for Fed. R. Civ. P. 12(b)(6) dismissal.

**ECF No. 22**. As discussed above, defendant moves for dismissal on the exact same grounds as she did before. *Id*.

In response, however, plaintiffs did not address the merits of **any of the arguments for dismissal**. Instead, plaintiffs argue that defendant's request for dismissal "is based on incomplete documentary evidence" used to "dispute the ownership of the gas stati[on.]" **ECF No. 30** at 3. Plaintiffs argue that the exhibit submitted by defendants with its motion to dismiss is only the first page of a 22-page Property Registry document. *Id*., at 3-4. Plaintiffs move the Court to allow them to file the rest of the document.[3] *Id*. Plaintiffs also contend that by submitting the incomplete document with the motion to dismiss, defendant misleads the Court by providing false information. *Id*., at 3-4. Moreover, plaintiffs argue that the missing pages will prove that they are the true owners of the gas station pursuant to Puerto Rico law. *Id*., at 4-5. Accordingly, plaintiffs requested 90 days to submit certified translations of the totality of the exhibit, and to "adjudicate the controversy" and "**dispose of it as provided in** Rule 56[4] **and Rule 12(b)(6)**." *Id*., 5-6 (emphasis added).

---

[3] Plaintiffs submitted all the documents they announced. *See* **ECF No. 33**.

[4] Plaintiffs wrongly suggest that by merely appending a document to a motion to dismiss it automatically converts the motion into a motion for summary judgment. As a general rule, if "matters outside the pleadings" on a motion to dismiss under Rule 12(b)(6), it converts into "one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The First Circuit "ha[s] made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). "When the complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (quoting *Beddall v. State St. Bank & Tr. Co.*, 137 F.3d 12, 17 (1st Cir. 1998)). Plaintiffs concede that the document attached to defendant's motion to dismiss is a public document from the Puerto Rico Property Registry that contains information regarding title to the gas station and related property rights. **ECF No. 30** at 2-3. Moreover, plaintiffs admit that the complaint includes allegations specifically about the information on those records, thus it is not "extrinsic" material. *Id*., at 3-4. In fact, plaintiffs admit the document's authenticity and argue

Plaintiffs did not move for an extension of time or leave to amend the complaint in order to address any of the arguments in the pending motion to dismiss. Instead, three months after filing its response to the motion to dismiss, plaintiff submitted the certified translations announced in their response. **ECF No. 33**. In that filing, plaintiffs openly requested to have the documents accepted as part of the record, specifically "as an exhibit to Plaintiffs' Opposition to Motion to Dismiss." *Id.*, at 1. By submitting the issue for adjudication without opposition to the arguments in the motion to dismiss, plaintiffs have procedurally defaulted.

This District Court's Local Civil Rules provide that, "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written opposition to the motion, the opposing party shall be deemed to have **waived** any objection to the motion." L. Civ. R. 7(b) (emphasis added). That rule "authorizes the presiding district judge to summarily grant the unopposed motion, at least when the result does not clearly offend equity." *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002) (internal quotation marks omitted)). *See also Jones v. Providence Pub. Schs.*, No. 23-1407, 2024 WL 1128034 (1st Cir. Mar. 11, 2024) (reasoning that, in order to grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on procedural default, "the relevant local rule generally must impose a mandatory requirement to file an opposition and/or must warn that a plaintiff will be deemed to have waived arguments in opposition to dismissal

---

that the document alone suffices to grant summary judgment as it provides evidence of their claims in the complaint, not to mention that it is a public record of the Commonwealth of Puerto Rico. *Id*. To be sure, "not every attachment to a Rule 12 motion or opposition thereto requires conversion into a motion for summary judgment," *Calderón-Amézquita v. Rivera-Cruz,* 158 F.4th 54, 69 (1st Cir. 2025)(*quoting Rubert-Torres v. Hosp. San Pablo, Inc.,* 205 F.3d 472, 476 (1st Cir. 2000)).

if that plaintiff does not file an opposition…."). Indeed, "[w]here a local rule expressly requires a response to a motion, the non-moving party is placed on notice that failure to respond could result in a procedural default." *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) (citing *Pinto v. Universidad De Puerto Rico*, 895 F.2d 18, 19 (1st Cir. 1990)).

Local Civil Rule 7 unequivocally warns that a plaintiff will be deemed to have waived arguments in opposition to dismissal if that plaintiff does not file an opposition. *See Id.*, *see also Hawke Cap. Partners, L.P. v. Aeromed Servs. Corp.*, 300 F.R.D. 52, 56 (D.P.R. 2014)(Local Civil Rule 7 "authorizes the presiding district judge to summarily grant the unopposed motion, 'at least when the result does not clearly offend equity.'"); *Rodríguez–Salgado v. Somoza–Colombani*, 937 F.Supp.2d 206, 211 (D.P.R. 2013).

Considering the fact that plaintiffs have been fully aware of the arguments for dismissal, and having this Court already provided plaintiffs ample opportunity to properly address the deficiencies raised by defendant (even granting leave to amend the complaint *sua sponte*), a finding of procedural default and dismissal of all claims summarily, does not offend equity. Indeed, the record evinces that the plaintiffs have been aware of the asserted grounds for dismissal for over a year and have strategically decided (through counsel) to forgo any defense against those grounds.

Accordingly, on this ground the motion to dismiss at **ECF No. 22** is summarily **GRANTED** and the complaint is **DISMISSED** with prejudice. Alternatively, even if the Court read plaintiffs' response as providing a counter argument to defendant's theory for dismissal (it

does not, at least not in a well-developed manner), any claim related to any such response must also be dismissed pursuant to Fed. R. Civ. P 12(b)(6).[5]

### B.       The Complaint Fails to State a Claim for Relief

Construed in the light most favorable to plaintiffs, the response to the motion to dismiss only opposes defendant's arguments for dismissal that depend on Exhibit 1 of the motion to dismiss. **ECF No. 22-1**. Indeed, plaintiffs whole defense against dismissal rests on plaintiffs' contention that Exhibit 1 proves that they should be the rightful owners of the gas station. **ECF No. 30**.

However, Exhibit 1 is relied upon for **one of the two** arguments asserted by defendant against plaintiffs claim for Due Process violation. To wit, seeking dismissal of plaintiffs' Due Process violation claim, defendant argues that plaintiffs lack a Fourteenth Amendment property interest "[s]ince… Plaintiffs had no right to inherit [the gas station], and therefore [plaintiffs have] no proprietary interest in the building[,]" as shown in the document submitted as Exhibit 1. **ECF No. 22** at 16. Plaintiffs, on the other hand, contend that rest of the pages of the document included as Exhibit 1 show that plaintiffs do have a right to inherit the gas station. **ECF No. 30** at 2-3.

---

[5] The Court would also grant dismissal on the grounds stated at **ECF No. 22**. Specifically, (i) that plaintiffs fail to state a claim under the Fifth Amendment of the United States Constitution, since none of the Defendants in the case are officers of the United States of America, an indispensable element for a Fifth Amendment claim; (ii) plaintiffs' claims for monetary damages against Caro in her official capacity are barred under the Eleventh Amendment to the United States Constitution; (iii) plaintiffs fail to properly state claims for due process and equal protection under the Fourteenth Amendment; (iv) plaintiffs' personal capacity claims against Caro for monetary damages are time-barred; (v) As a Property Registrar exercising official duties, Caro-Pérez is entitled to quasi-judicial immunity; or, alternatively, (vi) Caro-Pérez is entitled to qualified immunity. *Id*.

However, **plaintiffs did not oppose or otherwise defend against defendant's alternate argument for dismissal of Fourteen Amendment** claims: that the actions or omissions of a Property Registrar do not grant or take away plaintiffs' purported inheritance rights. Thus, even if defendant committed a mistake[6] that is not shielded by any of the other defenses raised in the motion to dismiss (immunity, for example), the fact remains that the Property Registrar's actions did not and could not deprive plaintiffs from their asserted property interest, namely "Plaintiff's hereditary rights." **ECF No. 1** at 2. Specifically, in the context of their due process claims, plaintiffs asserted property interest is that of their alleged inheritance rights over the gas station property. *See id.*, (indeed, plaintiffs claim that defendant "obliterated Plaintiff's hereditary rights without due process…." **ECF No. 1** at 2; *see also id.*, at 12 ("[t]he Plaintiffs were not afforded basic due process by taking property away (hindering property rights by requiring retroactive application of the laws aiming to trample with vested inheritance property rights); by acting unfairly…."); ("applied laws and regulations regarding recording of property inheritance rights retroactively….").

However, pursuant to Puerto Rico law, actions and omissions of the Property Registrar do not grant or deny "inheritance" or property rights. Plaintiffs concede as much in their filings, "[t]he principal function of the Property Registry of Deeds is to preserve the Successive Tract Principle." **ECF No. 1** at 2. Aside from plaintiffs' admissions, it remains a fact that a Property Registrar does not adjudicate, grant or eliminate rights. The "Registr[ar] does not grant or take

---

[6] This assumption is made for purposes of argumentation only. Nothing in this Opinion and Order shall be interpreted as a determination of fault, wrongdoing or any other claims asserted by plaintiffs in their complaint.

away rights, and… his function is not to declare the existence or nonexistence of doubtful rights." *U.S.I. Props., Inc. v. Registrador*, 124 D.P.R. 448, 1989 P.R.-Eng. 607277 (June 30, 1989); *Muller Vergara v. Registrador*, 101 D.P.R. 587, 1 P.R. Offic. Trans. 810, 820 (Sept. 10, 1973) ("Our registral system of real property excludes… any idea that the Registrar is a Judge[,] nor does it have as object to declare the existence or inexistence of a doubtful title. The determination by registrars of the legality of instruments presented is limited to the only effects of admitting, suspending or denying the record or entry, marginal note or cancellation requested."). Given the fact that the actions or omissions of a Property Registrar cannot "obliterate" rights or "deprive"[7] plaintiffs of their inheritance or property rights, plaintiffs' complaint fail to state a claim for relief, including with regards to plaintiffs' due process claims.

## IV.    Conclusion

For the reasons state above, the motion to dismiss at **ECF No. 22** is **GRANTED**. Plaintiffs' claims against Caro-Pérez are **DISMISSED** with prejudice. The motion for issuance of summons at **ECF No. 29** is **GRANTED**.

Plaintiffs are granted 21 days, to show cause why the Court should not dismiss the claims against the rest of the defendants pursuant to the same grounds (**ECF No. 22)** or other applicable law, including abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) or other. Failure to

---

[7] As suggest by plaintiffs in the complaint at **ECF No. 17**.

comply will result in monetary sanctions and/or dismissal. Plaintiffs' filing in response, if any, shall not exceed 25 pages.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 24th day of March, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**