## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**VIRGILIO FERNANDO ACEVEDO RIVERA, ET AL,**

    **Plaintiffs,**

    **v.**

**GILDREN S. CARO PÉREZ, ET AL,**

    **Defendants.**

**Civil No. 24-1564 (ADC)**

### OPINION AND ORDER

On December 8, 2024, Virgilio Fernando Acevedo-Rivera and Juan M. Ruiz-Rivera ("plaintiffs") filed the instant action against several defendants.[1] **ECF No. 1**. On January 28, 2025, co-defendant Gildrén S. Caro Pérez filed a motion to dismiss. **ECF No. 12**. Plaintiffs filed a response addressing defendant's arguments. **ECF No. 13**. On June 4, 2025, the Court granted plaintiffs leave to amend the complaint. **ECF No. 15**. Plaintiffs filed an amended complaint ("complaint") on June 18, 2025. **ECF No. 17**.

In essence, plaintiffs allege that in 1946 their grandfather purchased land in Rincón, Puerto Rico and built a gas station jointly with his wife on the property as part of their community property regime. **ECF No. 17**. Although the couple divorced in 1958, the gas station

---

[1] Virgilio Fernando Acevedo-Rivera and Juan M. Ruiz-Rivera ("plaintiffs") filed the instant action against Gildren S. Caro-Pérez ("defendant"), in her personal capacity and as Puerto Rico Property Registrar, Domingo Emanuelli-Hernández, as Attorney General of the Commonwealth of Puerto Rico, Luis León-Freire, as Registrar of the Property Registry, Janet De Jesús-Rojas, as Supervisor of the Property Registry ("defendants"). *See* **ECF No. 17**.

remained an undivided asset. Plaintiffs' predecessors attempted to group several properties into "Property 1207" and sell them. However, the Property Registrar refused to record the sale of the gas station. Plaintiffs unsuccessfully attempted to resolve the matter through state administrative proceedings as well as through the United States Bankruptcy Court for the District of Massachusetts. **ECF No. 17**.

In their complaint, plaintiffs assert violations to their Fourth, Fifth, and Fourteenth Amendment rights, and seek declaratory and injunctive relief along with monetary and punitive damages, alleging the defendants acted maliciously under color of law. **ECF Nos. 1, 17**. Co-defendant Gildren S. Caro Pérez moved for dismissal. **ECF No. 22**. On March 24, 2026, this Court entered an Opinion and Order granting co-defendant's Gildren S. Caro-Pérez's[2] motion to dismiss the complaint (**ECF No. 22**) pursuant to Fed. R. Civ. P. 12(b)(6).  **ECF No. 34**.

The Court found that the plaintiffs had procedurally defaulted because, after the defendants moved for dismissal, they failed to address the merits of the legal arguments in their response in opposition to the motion to dismiss. *Id*. Under Local Civil Rule 7(b), the failure to file a written opposition to a motion results in the party being deemed to have waived any objection, which moved the Court to summarily grant the unopposed motion. *See Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) (citing *Pinto v. Universidad De Puerto Rico*, 895 F.2d 18, 19 (1st Cir. 1990)). Moreover, the Court agreed with defendant that plaintiffs' complaint failed to state a plausible claim for relief. Specifically, the Court found that plaintiffs'

---

[2] In her personal capacity.

Fifth Amendment claim failed because none of the defendants are officers of the United States, which is a required element for such claims. **ECF No. 34** at n.5. Plaintiffs' claims for monetary damages against the defendant are barred by sovereign immunity. As to plaintiffs' Fourteenth Amendment claim, the Court found that they failed to state plausible claims for relief. In any event, the Court agreed with defendant that any claims for monetary damages were time-barred and that plaintiffs lacked standing to invoke hereditary rights over a lot that, according to their own pleadings, had been sold by their parents in 1968. *Id*. In any event, defendant was determined to be entitled to qualified immunity. *Id*.

The Court went further still and addressed the merits of the case, concluding that plaintiffs were not entitled to relief. Specifically, the Court ruled that the complaint failed to state a claim regarding any purported Due Process violations because under Puerto Rico law, a Property Registrar does not adjudicate, grant, or eliminate property rights. Therefore, even if the Registrar made an error, it did not constitute a constitutional deprivation of property. *See* **ECF No. 34** at 12; *U.S.I. Props., Inc. v. Registrador*, 124 D.P.R. 448, 1989 P.R.-Eng. 607277 (June 30, 1989); *Muller Vergara v. Registrador*, 101 D.P.R. 587, 1 P.R. Offic. Trans. 810, 820 (Sept. 10, 1973).

Finally, the Court granted plaintiffs 21 days, "to show cause why the Court should not dismiss the claims against the rest of the defendants pursuant to the same grounds or other applicable law, including abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) or other." **ECF No. 34** at 12. The Court clearly warned plaintiffs that "[f]ailure to comply will result in monetary sanctions and/or dismissal." *Id.*, at 13.

To this date, plaintiffs have not complied with this Court's order to show cause at **ECF No. 34**. In fact, since December 2, 2025, plaintiffs have not prosecuted this case.

For the reasons stated above, the complaint is **DISMISSED** with prejudice due to plaintiff's failure to show cause, for procedural default, *see Jones v. Providence Pub. Schs.*, No. 23-1407, 2024 WL 1128034 (1st Cir. Mar. 11, 2024); *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002) (internal quotation marks omitted), for failure to state a claim and for all other grounds detailed in this Court's Opinion and Order at **ECF No. 34**. Fed. R. Civ. P. 12(b)(6) and 41(b).

Clerk of Court shall enter Judgment dismissing the case with prejudice.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of July, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**